E-FILED
Monday, 16 November, 2026 09:58:09 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **HAILEY ROSSOK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 2:26-cv-02365** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HEALTH CARE SERVICE CORPORATION, d/b/a BLUE CROSS AND BLUE SHIELD OF ILLINOIS,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff, Hailey Rossok ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Health Care Service Corporation, d/b/a Blue Cross and Blue Shield of Illinois ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. as amended, ("ADA"), seeking redress for Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based discrimination, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the ADA, 42 U.S.C. §12101 *et seq*. is a federal statute.

3. Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 42 U.S.C. § 2000e-5(f)(3), as incorporated by 42 U.S.C. § 12117(a), because the alleged unlawful employment practices were committed within this district.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to suit under the ADA have occurred or been satisfied.

5. Plaintiff filed Charge No. 440-2026-09219 alleging disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit "A."

6. On September 4, 2026, the EEOC issued a Notice of Right to Sue as to Charge No. 440-2026-09219, attached hereto as Exhibit "B."

## THE PARTIES

7. Plaintiff, Hailey Rossok, is a natural person, over 18 years of age, who at all times relevant to the allegations in this Complaint resided in Vermilion County, Illinois.

8. Defendant, Health Care Service Corporation, d/b/a Blue Cross and Blue Shield of Illinois, whose address is 3290 E. Main Street, Danville, Illinois 61834, is a corporation specializing in health insurance that at all times material to the allegations in this Complaint was doing business in and for Vermilion County, Illinois.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA, 42 U.S.C. §12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a Claims Technician from on or about April 20, 2026, until Plaintiff's unlawful termination on or about July 8, 2026.

12. As a Claims Technician, Plaintiff's duties included, but were not limited to, reviewing and processing insurance claims and performing related duties assigned by Defendant.

13. Plaintiff has a disability, including tachycardia and severe panic attacks, and during her employment was undergoing evaluation for Postural Orthostatic Tachycardia Syndrome ("POTS").

14. Plaintiff's conditions constitute a physical and/or mental impairment that substantially limits one or more major life activities, including the operation of major bodily functions such as cardiovascular and neurological function.

15. Regardless of Plaintiff's disability, she was able to perform the essential functions of her job with or without reasonable accommodation.

16. Plaintiff is a "qualified individual" as defined under the ADA.

17. Before beginning her employment, Plaintiff disclosed her medical conditions to Defendant during the hiring process, and Defendant's management remained aware of her conditions throughout her employment.

18. Bridget Huff ("Ms. Huff"), Plaintiff's supervisor, was aware of Plaintiff's medical conditions and participated in Plaintiff's training.

19. On or about May 28, 2026, during in-person training, Plaintiff experienced a medical emergency at work related to her heart condition, during which her blood pressure rose to approximately 180/110 and her heart rate reached approximately 210 beats per minute.

20. Plaintiff immediately notified her training lead, Kelli Valia ("Ms. Valia"), of her symptoms.

21. Ms. Valia instructed Plaintiff to leave work immediately and seek emergency medical treatment.

22. Plaintiff sought emergency medical attention at OSF Sacred Heart Medical Center.

23. Plaintiff followed those instructions, sought treatment, and returned to work the following day.

24. Plaintiff had a follow-up appointment with her physician, Karen P. Wiarda, D.O. ("Dr. Wiarda"), after this incident.

25. Following the absence, Ms. Valia advised Plaintiff that she needed to submit medical documentation through Defendant's ADM program to excuse the absence.

26. Dr. Wiarda first submitted the required documentation on or about June 12, 2026.

27. Dr. Wiarda resubmitted the documentation approximately five times, via fax and email.

28. Plaintiff also personally submitted the documentation during the appeal process.

29. Plaintiff received no communication indicating that additional documentation was required, and reasonably believed the matter was resolved because her case reflected as closed within the Human Resources system.

30. Despite this, Plaintiff was informed by Ms. Valia that her medically necessary absence had placed her on a final disciplinary strike.

31. After training concluded, Ms. Huff became Plaintiff's direct supervisor and subjected Plaintiff to heightened scrutiny.

32. Ms. Huff failed to provide Plaintiff with adequate training and support.

33. Plaintiff repeatedly requested assistance, including the company's "text time" claims assistance and training meetings, but Ms. Huff failed to schedule any meaningful training.

34. Plaintiff requested a reasonable accommodation related to her disability, including excusal of her medically necessary absence.

35. Defendant failed to engage in the interactive process to determine an appropriate accommodation for Plaintiff's disability.

36. Defendant failed to accommodate Plaintiff's disability despite Plaintiff's reasonable requests.

37. On or about July 8, 2026, Ms. Huff informed Plaintiff that her employment was being terminated based on Defendant's claim that it had not received the required medical documentation for her hospital absence.

38. Defendant's stated reason for the termination is false and pretextual.

39. Dr. Wiarda had submitted the requested documentation approximately five times, and Plaintiff personally provided it during the appeal process.

40. The only attendance issue relied upon by Defendant resulted from a known medical emergency for which Defendant's own training lead instructed Plaintiff to seek immediate medical treatment.

41. Ultimately, on or about July 8, 2026, Plaintiff was terminated on the basis of her disability and for engaging in protected activity as described herein.

42. Plaintiff engaged in statutorily protected activity by requesting that Defendant excuse her disability-related absence and providing medical documentation in support of that request.

## COUNT I
**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

43. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

44. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

45. Plaintiff met or exceeded performance expectations.

46. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

47. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

48. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

49. Plaintiff is a member of a protected class under the ADA due to Plaintiff's disability.

50. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

52. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

53. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

54. Plaintiff is a qualified individual with a disability.

55. Defendant was aware of the disability and the need for accommodations.

56. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

57. The reasonable accommodation Plaintiff requested would not have imposed an undue burden on Defendant.

58. Defendant did not accommodate Plaintiff's disability.

59. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

60. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of the Americans with Disabilities Act**
**(Disability-Based Harassment)**

62. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

63. Defendant subjected Plaintiff to disability-based harassment, including placing her on a final disciplinary strike for her medically necessary absence and terminating her employment based on that absence even though her physician repeatedly submitted the requested documentation.

64. The disability-based harassment was unwelcome and was subjectively and objectively offensive.

65. The harassment was so severe or pervasive as to alter the conditions of Plaintiff's employment and create an abusive working environment.

66. Defendant knew or should have known of the harassment and failed to take prompt and appropriate corrective action.

67. By virtue of the conduct alleged herein, Defendant harassed Plaintiff because of her disability in violation of the ADA.

68. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

69. As a direct and proximate result, Plaintiff suffered and continues to suffer loss of employment, income, and benefits, as well as emotional distress, mental anguish, inconvenience, and loss of enjoyment of life.

**COUNT IV**
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

70. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

71. Plaintiff engaged in protected activity under the ADA by requesting that Defendant excuse her disability-related absence.

72. Defendant knew that Plaintiff engaged in protected activity.

73. Defendant subjected Plaintiff to the termination of her employment.

74. Plaintiff's protected activity was a but-for cause of Defendant's adverse employment action.

75. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff in violation of the ADA, 42 U.S.C. § 12203.

76. As a direct and proximate result, Plaintiff suffered and continues to suffer loss of employment, income, and benefits.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay;

b. Payment of interest on all recoverable back pay;

c. Front pay;

d. Lost employment benefits;

e. Compensatory and punitive damages on Counts I–III, to the extent authorized by law;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 16, 2026.

***/s/ Yasmeen Elagha, Esq.***

Yasmeen Elagha, Esq.
Mohammed O. Badwan, Esq.
Atlas Law Center, Ltd.
2500 South Highland Avenue,
Suite 200,
Lombard, Illinois 60148
Phone (630) 575 – 8181
Fax (630) 575 – 8188
yelagha@atlaslawcenter.com
mbadwan@atlaslawcenter.com
*Attorneys for Plaintiff*